ROCH v. LONDON et al.

(Supreme Court, Appellate Term.   December 13, 1898.)

BILLS AND NOTES—ADMISSIBILITY OF EVIDENCE.

In an action on a note claimed by plaintiff to have been taken up by the makers by a check on a bank in which they had no funds, a postal card written by the bank teller, stating that the makers had closed their account the day before the check was drawn, and the teller's memorandum attached to the check, stating that it was returned for the same reason, are inadmissible to show the nonpayment of the check, as such evidence is but hearsay.

Appeal from city court of New York, general term.

Action by Isaac Roch against Louis London and Albert London, impleaded with Charles London and Lazarus London. There was judgment for plaintiff (53 N. Y. Supp. 261), from which the defendants Louis and Albert London appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Jacob Manheim, for appellants.
Warren W. Foster, for respondent.

PER CURIAM. Although the complaint alleges that the plaintiff's assignor was induced to deliver the note in suit to the makers before maturity, upon receiving from them their check upon a bank account which had been and remained totally withdrawn, and that they had falsely represented the check to be good, and the funds in bank sufficient to meet it, yet not a particle of legal proof was offered which tended to establish either of these allegations in any degree. The postal card written to the plaintiff's assignor by the teller of the bank wherein deposit of this check was made, to the effect that the drawers had closed their account the day before the check was dated, and the teller's memorandum attached to such check, that it was returned by the drawee for the same reason, admitted in

evidence against the appellants' objections and exceptions, were not competent evidence of the matters therein stated. Churchman v. Lewis, 34 N. Y. 444; Greenfield v. People, 85 N. Y. 75; McIlhargy v. Chambers, 117 N. Y. 532, 23 N. E. 561. Such proof could only be made by the oral testimony of living witnesses, or by other recognized modes of establishing facts, and the evidence so received was hearsay and wholly inadmissible.

There being a total failure of proof in respect to material allegations of the complaint, the judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event.